UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH BABBITT,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-02397-DJC-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HIS COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action *pro se*, alleging that defendants violated his rights under 18 U.S.C. § 1341 when they "swindled" him of money by making fraudulent child support claims against him. ECF No. 1 at 4-5. The cited statute does not, however, create a private cause of action and, thus, the complaint fails to state a cognizable claim. I will give plaintiff an opportunity to amend to explain why this action should proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                  **Analysis**

21 Plaintiff alleges that his claims against defendants arise under 18 U.S.C. § 1341. ECF No.
22 1 at 4. That statute does not create a private cause of action, however. *See Chester v. United*
23 *States Dep't of State*, NO. 3:23-cv-05367-DGE, 2024 U.S. Dist. LEXIS 102908, *8 (W.D. Wash.
24 June 10, 2024) ("[T]o the extent Plaintiff alleges Defendants violated the Mail Fraud Act, 18 USC
25 § 1341, the Mail Fraud Act is a criminal statute and 'does not create a private right of action[.]'")
26 (modification in original). Thus, this action cannot proceed under the sole basis plaintiff has
27 advanced. I will give him an opportunity to amend to explain why, if at all, his claims should still
28 proceed.

Plaintiff may amend his complaint within thirty days of this order's entry. He is advised that an amended complaint will supersede his current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

3. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    October 7, 2024                                                      
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE