UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH BABBITT,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-2397-DJC-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THE AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 4 |

Plaintiff brought this action *pro se* and, initially, alleged that defendants violated his rights under 18 U.S.C. § 1341 when they "swindled" him of money by making fraudulent child support claims against him. ECF No. 1 at 4-5. I screened his complaint and advised him that that code section did not create a private cause of action. ECF No. 3. I gave him leave to amend, *id.*, and he has done so, ECF No. 4. He now argues that his claims arise under the False Claims Act, another provision that, for the reasons stated below, does not permit him to proceed. Accordingly, I now recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

21 Plaintiff alleges that his claims against defendants arise under the False Claims Act
22 ("FSA").  ECF No. 1 at 4.  The FSA permits an individual to bring suit on behalf of the United
23 States.  *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). ("To
24 this end, the FCA motivates a private individual [to] bring suit in federal court on behalf of the
25 United States by effecting a partial assignment of the government's damages claim to the
26 relator.") (internal quotation marks omitted).  However, a plaintiff proceeding *pro se* may not
27 bring claims under the FCA, because he can only represent his own interests.  *Id.* at 1127 ("Our
28 conclusion that a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States is

2

consistent with the decisions of other circuits to have addressed the issue."). If plaintiff has a realistic opportunity to obtain counsel, he may state as much in his objections to these recommendations. If he does, I will hold these recommendations in abeyance for a short period of time to allow counsel to enter an appearance.

This is plaintiff's second attempt to pass screening and he is no closer to doing so. It may be that some of his claims could give rise to causes of action under state law, but he has failed to demonstrate that there is any cognizable federal claim or other basis for federal jurisdiction. Accordingly, I now recommend that this action be dismissed without leave to amend. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (noting that "repeated failure to cure deficiencies by previous amendments" is a factor to be considered in deciding whether to grant further leave to amend).

Accordingly, it is hereby RECOMMENDED that plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend and this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    October 29, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3